IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

By staylor at 4:10 pm, Mar 15, 2017

| | |
|---|---|
| MARIO ALBERTO CARDONA-BENITEZ, <br><br>   Petitioner, <br><br>   v. <br><br> WARDEN TRACY JOHNS, <br><br>   Respondent. | CIVIL ACTION NO.: 5:17-cv-4 |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Petitioner Mario Alberto Cardona-Benitez's ("Cardona-Benitez") failure to comply with the Court's orders of January 11, 2017, and February 17, 2017. (Docs. 7, 8.)  For the following reasons, I **RECOMMEND** that the Court **DISMISS** this action **without prejudice** for Petitioner's failure to follow this Court's Orders and failure to prosecute.  Additionally, I **RECOMMEND** that the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

## BACKGROUND

On January 3, 2017, Cardona-Benitez, incarcerated at D. Ray. James Correctional Facility in Folkston, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Arizona. (Doc. 1.)  On January 10, 2017 the District Court for the District of Arizona transferred the case to this Court.  (Doc. 6.)  However, Cardona-Benitez did not pay the requisite filing fee or move to proceed *in forma pauperis* when filing this action.  Accordingly, on January 11, 2017, the Clerk of Court directed Cardona-Benitez to either pay the $5.00 filing fee or file a motion to proceed *in forma pauperis*. (Doc. 7.)  A copy of the *in forma pauperis* form was attached to this notice.  The Clerk warned

Cardona-Benitez that failure to comply by February 7, 2017, could result in dismissal of this action. (Id.) Plaintiff did not respond and on February 17, 2017, the Court ordered Cardona-Benitez to pay the filing fee or move to proceed *in forma pauperis* by March 3, 2017. (Doc. 8.) The Court again notified Cardona-Benitez that failure to comply would result in dismissal. (Id.)

The Court mailed the January 11, 2017, and February 17, 2017, Notice to Cardona-Benitez at the most recent address it has for him. The Court received no information indicating these Orders did not reach Cardona-Benitez or were otherwise undeliverable to him. However, the Court still has not received any pleading from Cardona-Benitez since that Order. Indeed, Cardona-Benitez has not taken any action in this case since filing his Petition over two months ago.

## DISCUSSION

### I. Dismissal for Failure to Follow this Court's Orders and Failure to Prosecute

A district court may dismiss a petitioner's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua*

---

[1] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, in the case at hand, the Court advised Plaintiff on multiple occasions that his failure to pay the filing fee or file a motion to proceed *in forma pauperis* would result in dismissal of this action.

2

*sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal *without* prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

The Court ordered Cardona-Benitez to file an appropriate motion to proceed *in forma pauperis* or to pay the full filing fee on two separate occasions. (Docs. 7, 8.) Moreover, the

Court specifically notified Cardona-Benitez that failure to do so could result in dismissal of his case. (Id.) However, Cardona-Benitez failed to take either of those actions. Consequently, the Court has no means to collect the filing fees in this case as required by 28 U.S.C. § 1915(b)(1). By failing to pay the requisite filing fee or submit a motion to proceed *in forma pauperis*, Cardona-Benitez has failed to diligently prosecute his claims and to follow this Court's Order.

Accordingly, the Court should **DISMISS** Plaintiff's Complaint **without prejudice** for failure to follow this Court's Orders and failure to prosecute.

**II.     Leave to Appeal** *in Forma Pauperis*

The Court should also deny Cardona-Benitez leave to appeal *in forma pauperis*. Though Cardona-Benitez has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

4

Based on the above analysis of Cardona-Benitez's failure to follow this Court's directives and failure to prosecute, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Cardona-Benitez *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** that the Court **DISMISS** this action **without prejudice**, and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case. I further recommend that the Court **DENY** Cardona-Benitez leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Petitioner.

    **SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 15th day of March, 2017.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA